Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Natalie U. Luongo, State Bar No. 285288
E-Mail: nluongo@hurrellcantrall.com
HURRELL CANTRALL LLP
300 South Grand Avenue, Suite 1300
Los Angeles, California 90071
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant COUNTY OF RIVERSIDE, RIVERSIDE (erroneously sued as the COUNTY SHERIFF'S DEPARTMENT and MORENO VALLEY POLICE DEPARTMENT)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| TAMARIA PICKENS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CITY OF MORENO VALLEY; MORENO VALLEY POLICE DEPARTMENT; EDWIN BAEZA; BREANNA PATTON; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 2:19-cv-01925<br><br>**DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a) AND 1446(a)-(b)**<br><br>Action Filed:  2/11/19<br>Trial Date:  None Set |

TO THE HONORABLE COURT AND PLAINTIFF THROUGH HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTE THAT Defendants COUNTY OF RIVERSIDE, (erroneously sued as the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and MORENO VALLEY POLICE DEPARTMENT) (the "County") hereby removes this action from the Superior Court for the State of California, County of Riverside, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. § 1441 and is based on the following:

## I. REMOVAL AND VENUE ARE PROPER

Plaintiff Tamaria Pickens ("Plaintiff") originally filed this suit against the Defendants in the Superior Court of California, Riverside County, on February 11, 2019. Plaintiff alleges a violation of 42 U.S.C. § 1983. Plaintiff also asserts state claims for intentional infliction of emotional distress, negligent infliction of emotional distress, false arrest and false imprisonment. Based on Plaintiff's claims alleged, the United States District Court for the Central District of California has jurisdiction over this action as plaintiff's complaint raises an issue of federal law based on her 42 U.S.C. § 1983 claim. Based on its federal question jurisdiction, the Court also has supplemental jurisdiction to hear plaintiff's state law claims. Additionally, venue is proper in this Court as the alleged wrongful conduct occurred in the County of Riverside, and the named Defendants reside therein. (28 U.S.C. §§ 84(c)(2), 1391 and 1446.)

## II. PROCEDURAL POSTURE

Plaintiff filed this action entitled *Tamaria Pickens v. County of Riverside et al.*, County of Riverside Case No. RIC 1901399 in the Superior Court of California, County of Riverside on February 11, 2019. (See Declaration of Natalie U. Luongo ("Luongo Dec.") ¶3, Exhibit A). The County of Riverside was served with the Summons and Complaint on February 13, 2019. (See Luongo Dec. ¶¶ 3- 4, Exhibit A & B). The Riverside County Sheriff's Department and Moreno Valley Police Department have not been separately served, but are not separate entities, as they are Departments within the County of Riverside. (Luongo Dec. ¶5).

Pursuant to 28 U.S.C. § 1446, the remainder of the pleadings, process and orders served on the County in the state action, as part of the state court file, including the Civil Action Cover Sheet, Coversheet Addendum, Notice of Case Assignment, (See Luongo Dec. ¶6, Exhibit C). The State Court Docket in *Tamaria Pickens v. County of Riverside et al.*, County of Riverside Case No. RIC 1901399 in the Superior Court of California, County of Riverside, is also filed herewith. (See

Luongo Dec.¶7, Exhibit D).

The County's Notice of Removal is timely as a defendant has thirty days of the date when it was first served to remove the action. (28 U.S.C. § 1446(b)(1).) The County initially received a copy of Plaintiff's complaint on February 13, 2019. (See Luongo Dec. ¶3, Exhibit A). Accordingly, the County files its removal notice within the requisite 30 days.

### III. STATUTORY BASIS FOR FEDERAL QUESTION JURISDICTION

A defendant may remove a civil action from state court to federal court if the asserted claim arises under federal law. (28 U.S.C. § 1331.) Suits arising under federal law are removable without regard to the citizenship of the parties. (28 U.S.C. § 1441(b)). "Federal jurisdiction exists if a complaint claims a right to recover under the Constitution and laws of the United States and the claim is not wholly insubstantial and frivolous." (White v. White, 731 F.2d 1440, 1442 (9th Cir. 1984)). Where the state court action also includes state claims that have not been made nonremovable by statute, the entire action, including the state claims, may be removed to federal court. (28 U.S.C. § 1441(c)(1).)

Plaintiff's Complaint created federal question jurisdiction by alleging causes of action arising under federal law. Plaintiff alleges, among other things, that Defendants violated 42 U.S.C. § 1983. (See Luongo Dec. ¶ 3, Exhibit A). A claim under 42 U.S.C. § 1983, provides a federal cause of action by depriving the claimant of the "rights, privileges or immunities secured by the Constitution and laws" of the United States. (Moor v. Alameda Cty., 411 U.S. 693, 722, 93 S. Ct. 1785, 1802 (1973).) Plaintiff alleges that the Defendants falsely arrested her and in doing so violated her constitutional rights, including due process rights, rights to be free from unreasonable search and seizure, and civil rights. (See Luongo Dec. ¶ 3, Exhibit A). As this is an action created pursuant to Section 1983 for violation of rights secured by the constitution, it falls under the jurisdiction of the Federal Court vested with authority to resolve questions of federal constitutional law.

1. Plaintiff's Complaint also alleges state claims, including intentional infliction of emotional distress, negligent infliction of emotional distress, false arrest and false imprisonment. While these claims do not present a federal question, a Federal Court with federal question jurisdiction over an action may exercise supplemental jurisdiction over the state law claims that arises from the "same common nucleus of operative facts" as the federal claims asserted in the action. (United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); *see also* 28 U.S.C. § 1367.) Plaintiff alleges that her state claims are a result of the Defendants' conduct and actions during her alleged false arrest. (See Luongo Dec., ¶3, Exhibit A). These are the same facts from which Plaintiff's section 1983 claim arises. (Id.) As the state claims are related to the same facts as the federal claim, the Court can exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

Based on the above, this Court has original jurisdiction of this action under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367; therefore, removal of the action to The United States District Court, Central District of California is proper under 28 U.S.C. § 1441.

## IV. NOTICE TO THE COURT AND PARTIES

Along with this Notice of Removal, the County will give written Notice of Removal in the United States District Court for the Central District of California to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Riverside, California. (See Luongo Dec. ¶8).

///
///
///
///
///

-4-

Wherefore, the above-entitled action, now pending in the Superior Court of the State of California, County of Riverside, is hereby removed to the United States District Court for the Central District of California.

DATED: March 15, 2019         HURRELL CANTRALL LLP

By: /s/ Natalie U. Luongo
    THOMAS C. HURRELL
    NATALIE U. LUONGO
    Attorneys for Defendants,
    COUNTY OF RIVERSIDE,
    (erroneously sued as the RIVERSIDE
    COUNTY SHERIFF'S DEPARTMENT
    and CITY OF MORENO VALLEY
    POLICE DEPARTMENT)