1 Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
2 Natalie U. Luongo, State Bar No. 285288
E-Mail: nluongo@hurrellcantrall.com
3 HURRELL CANTRALL LLP
300 South Grand Avenue, Suite 1300
4 Los Angeles, California 90071
Telephone: (213) 426-2000
5 Facsimile: (213) 426-2020

6 Attorneys for Defendants COUNTY OF RIVERSIDE, (erroneously sued as the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and MORENO VALLEY
7 POLICE DEPARTMENT), CITY OF MORENO VALLEY and SERGEANT EDWIN BAEZA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA PICKENS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CITY OF MORENO VALLEY; MORENO VALLEY POLICE DEPARTMENT; EDWIN BAEZA; BREANNA PATTON; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 5:19-cv-00488-JFW (SHKx)<br>Assigned to Honorable John F. Walter<br><br>**DEFENDANTS COUNTY OF RIVERSIDE, CITY OF MORENO VALLEY AND SERGEANT EDWIN BAEZA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: May 6, 2019<br>Time: 1:30 p.m.<br>Location: First Street Courthouse, Courtroom 7A,<br>350 W. 1st Street,<br>Los Angeles, CA 90012<br><br>Trial Date: None |

**TO THE COURT, PLAINTIFF AND HER ATTORNEYS:**

DEFENDANTS COUNTY OF RIVERSIDE (erroneously sued as the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and MORENO VALLEY POLICE DEPARTMENT) (the "County"), CITY OF MORENO VALLEY and SERGEANT EDWIN BAEZA (collectively, the "Defendants"), hereby reply to Plaintiff TAMARIA PICKENS' Opposition to Defendants' Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's conclusory Opposition to Defendants' Motion to Dismiss improperly attempts to introduce new allegations, but still fails to rebut the arguments advanced in Defendants' Motion, and further supports that the Complaint fails to state a claim. In fact, Plaintiff's Opposition entirely fails to address most of the arguments raised in the Defendants' Motion. Accordingly, the Court should grant Defendants' Motion to Dismiss in its entirety.

## II. PLAINTIFF FAILS TO REBUT THAT HER FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM AGAINST THE DEFENDANTS

Plaintiff's Opposition fails to rebut that her 42 U.S.C. § 1983 claim fails against the Defendants. In addition, Plaintiff also fails to address the arguments raised on behalf of the City of Moreno Valley ("Moreno Valley"), and only minimally addresses Sergeant Baeza. Where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. See, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006.).

### A. Plaintiff's Fails to Allege a *Monell* Claim Against the County and Moreno Valley

Plaintiff fails to rebut that she does not plead a *Monell* claim against the County or Moreno Valley. A claim against a public entity may only be brought under §1983 when the municipality itself inflicts an injury, and not under a theory of respondeat superior or vicarious liability. See, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). "It is not enough for a § 1983 for plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of County Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 400, 404 (1997).

///

1  Plaintiff fails to address Moreno Valley at all, and her claims against the County are solely based on legal conclusions. Plaintiff acknowledges in her Opposition that under *Monell*, liability against a public entity pursuant to a Section 1983 claim may only attach based on an expressly adopted official policy or widespread practice or custom. (Opposition, p. 5:1-12). Yet, Plaintiff's Complaint fails to plead any such policy, custom, or practice. Plaintiff also cites to law regarding ratification liability by a policy maker, but no such facts are pled in her Complaint. Furthermore, a one time incident pertaining to Plaintiff's own case does not rise to a policy, practice, or custom of the County or Moreno Valley that caused a violation of her constitutional rights. See, *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985).

In addition, Plaintiff's § 1983 Claim against the County and Moreno Valley fails to plead any facts supporting a *Monell* claim. Plaintiff's argument that there was "no probable cause her to be in jail for a year" relates to dissatisfaction with her criminal court proceedings, and does not state a *Monell* claim. It is clear that based on allegations relating to her own case and on a respondeat superior theory, Plaintiff cannot state a *Monell* claim.

**B.    Plaintiff Fails to Rebut that the Complaint Fails to State a 42 U.S.C. § 1983 Claim Against Sergeant Baeza**

Plaintiff fails to plead any facts sufficient to allege a Section 1983 claim against Sergeant Baeza and fails to rebut that he is entitled to qualified immunity.

In her Opposition, Plaintiff cites to a string of case law, but raises no facts alleged in her Complaint to support a Section 1983 claim against Sergeant Baeza. The court need not accept as true conclusory legal allegations cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff claims that Patton lied to investigators and without "serious investigation" she was arrested by "Baeza and others." (Complaint ¶12). Though not conceded here, at most Plaintiff claims that a negligent investigation occurred, and it

-3-

is well-settled that negligence does not give rise to a Section 1983 claim. See, *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir.2011). In addition, Plaintiff's allegations as to her bail amount, criminal proceedings and time spent incarcerated have nothing to do with Sergeant Baeza.

Plaintiff's Opposition also fails to rebut that Sergeant Baeza is entitled to qualified immunity. As an initial matter, Plaintiff incorrectly argues that qualified immunity cannot be raised on a 12(b)(6) Motion. In fact, a ruling on qualified immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. *Saucier v. Katz*, 533 U.S. 194, 200 (2001)(overruled on other grounds). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.*

Plaintiff also provides an over generalized standard for qualified immunity. ("The right of Plaintiff to be free from a false arrest and imprisonment is a deprivation of an actual constitutional right that is clearly established." (Opposition Page 7:4-8)). See, *City of Escondido, Cal. v. Emmons*, 586 U.S. ___, 139 S.Ct. 500 (2019). Based on her allegations, an officer would be entitled to qualified immunity on a Section 1983 claim based upon his or her unknowing reliance upon a false police report and failing to conduct a "proper" investigation, and such allegations do not rise to the level of a violation of the Fourth or Fourteenth Amendment.

Plaintiff's § 1983 claim against Sergeant Baeza is comprised of nothing more than legal conclusions, and she fails to plead any facts to support a claim under 42 U.S.C. § 1983 against him. A plaintiff is required to allege some factual details as the basis of her claim, beyond "a bare averment that he wants relief and is entitled to it." See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 fn.3 (2007).

///

## III. PLAINTIFF FAILS TO REBUT THAT HER INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS FAIL TO STATE A CLAIM

Plaintiff's Opposition fails to address that her common-law claims for Intentional and Negligent Infliction of Emotional Distress against the County and Moreno Valley are barred under California law. Per the California Tort Claims Act, liability against a public entity must be statutorily based. See, *County of Los Angeles v. Sup. Ct* (Terrell R.), 102 Cal. App. 4th 627, 637 (2003); *State of California v. Sup. Ct.*, 150 Cal. App. 3d 848, 854 (1984)). Absent a statute setting forth liability against a public entity, there can be no liability against that public entity. *Govt. Code* §815.

In addition, Plaintiff fails to allege facts sufficient to state an IIED claim against the County, Moreno Valley or Sergeant Baeza. Plaintiff continues to rely upon legal conclusions: "[i]n this case, all of the elements of a claim for intentional and negligent distress have been alleged." (Opposition, p. 8:22-23). However, reciting legal elements does not state a claim and facts must be pled.

Furthermore, Plaintiff fails to address that her IIED/NIED claims fail because: (1) Sergeant Baeza and the County's employees are entitled to immunity under California law under *Govt. Code* § 821.6 ("[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."); (2) As the County's employees are immune, the County is also immune. See, *Govt. Code* §§ 815.2(b); 820.2; 820.4; 821.6; and (3) Plaintiff fails to plead any facts supporting she timely complied with the requirements of the Government Claims Act. *Govt. Code* §§ 905, 910, 911.2, 945.4, 945.6; and (4) Plaintiff's NIED claim is not an independent cause of action: "[the] negligent causing of emotional distress is not an independent tort but the tort of negligence ...." *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). Accordingly,

Plaintiff's Second and Third causes of action cannot be brought against the Defendants under California law.

## IV. **PLAINTIFF FAILS TO REBUT THAT HER FOURTH CLAIM FOR FALSE ARREST/FALSE IMPRISONMENT FAILS TO STATE A CLAIM**

Plaintiff's Opposition fails to address the arguments raised in Defendants' Motion to Dismiss supporting that Plaintiff's False Arrest/False Imprisonment claim fails to state a claim. Plaintiff fails to address that her Complaint pleads no factual allegations supporting that any Defendant falsely arrested or imprisoned her.

In fact, the Complaint supports that no false arrest/imprisonment occurred: law enforcement officers conducted an investigation, but were lied to, she was released after her first arrest for further investigation, a criminal complaint was filed against her in September 2017, and she was released in September 2018 after additional information was provided. (See, Complaint ¶¶9, 10, 17). Plaintiff also alleges that charges were filed against her after her second arrest and bail was set, supporting that there was probable cause to arrest her and she was afforded due process. (See, Complaint ¶¶10, 14, 15). Accordingly, there was valid legal authority for Plaintiff's incarceration, and so far as her claim is based on her incarceration after her arraignment, Defendants are immune. See, *Govt. Code* §§ 815.2, 821.6.

There are no allegations specified against any Defendant, and no allegations against Moreno Valley in the Complaint. The entity Defendants also cannot be held liable on Plaintiff's common-law claim. In addition, no facts are pled which overcome that Sergeant Baeza is immune for claims of false arrest/false imprisonment. See, *Penal Code* § 874(b). As Plaintiff's claim for false arrest and false imprisonment is based upon nothing more than legal conclusions, the claim should be dismissed.

## V. **AMENDMENT WILL NOT CURE SEVERAL PLEADING DEFECTS**

Plaintiff requests leave to amend in her Complaint in her Opposition, but

1 leave to amend cannot cure the defects raised in Defendants' Motion to Dismiss as
2 to her Section 1983 claim or her IIED/NEID claims against the Defendants. Leave
3 to amend may be denied where it would prove futile. See, *Allen v. City of Beverly*
4 *Hills*, 911 F.2d 367, 374 (1990).

5       Plaintiff cannot plead a *Monell* claim against the County and Moreno Valley
6 based on a one-time incident, nor can she plausibly claim that her constitutional
7 rights were violated pursuant to a policy, custom or practice of one of these entities.
8 Moreno Valley also has no involvement in her claims. Sergeant Baeza is also
9 entitled to qualified immunity, and an alleged insufficient investigation or reliance
10 upon false police reports do not give rise to a § 1983 claim.

11       As to Plaintiff's IIED and NEID claims against the County and Moreno
12 Valley, they are not brought pursuant to a statute as required under California law,
13 and the County is immune by virtue of Sergeant Baeza's immunity. See, *Govt. Code*
14 §§ 815.2(b); 820.2; 820.4; 821.6. Plaintiff also cannot bring her claims against
15 Moreno Valley under any theory, as it is not involved.

16       The Court may deny leave to amend, as any amendment to the foregoing
17 claims would be futile.

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## VI. CONCLUSION

The Defendants respectfully request the Court grant their Motion in its entirety, as Plaintiff has failed to rebut that her Complaint fails to state a claim.

DATED: April 22, 2019                    HURRELL CANTRALL LLP

By: /s/ *Natalie U. Luongo*
    THOMAS C. HURRELL
    NATALIE U. LUONGO
    Attorneys for Defendants COUNTY OF RIVERSIDE, (erroneously sued as the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and MORENO VALLEY POLICE DEPARTMENT), CITY OF MORENO VALLEY and SERGEANT EDWIN BAEZA

-8-