1 | Paul M. Mahoney, SBN 43531
pmahoney@mahoneyandsoll.com
2 | Richard A. Soll, SBN 67610
r.soll@mahoneyandsoll.com
3 | Ryan P. Mahoney, SBN 276657
rmahoney@mahoneyandsoll.com
4 | MAHONEY & SOLL LLP
150 West First Street, Suite 180
5 | P.O. Box 940
Claremont, CA 91711
6 | (909) 399-9987; (909) 399-0130 (fax)

7 | Attorneys for Plaintiff TAMARIA PICKENS

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 |

12 | TAMARIA PICKENS, an individual,      ) Case No. 5:19-cv-00488-JFW (SHKx)

13 |                        Plaintiff,   ) (Assigned to Honorable John F.
                                        ) Walter, First Street Courthouse,
14 |        vs.                          ) Courtroom 7A)

15 | COUNTY OF RIVERSIDE;                ) **(PROPOSED) STATEMENT OF**
RIVERSIDE COUNTY SHERIFF'S            ) **DECISION LODGED BY**
16 | DEPARTMENT; CITY OF MORENO         ) **PLAINTIFF TAMARIA PICKENS**
VALLEY; MORENO VALLEY                  ) **REGARDING DEFENDANTS'**
17 | POLICE DEPARTMENT; EDWIN           ) **MOTION TO DISMISS**
BAEZA; BREANNA PATTON; and            ) **COMPLAINT**
18 | DOES 1 to 100, inclusive,          )
                                        ) DATE:      May 6, 2019
19 |                        Defendants.  ) TIME:      1:30 p.m.
                                        ) CTRM:      7A
20 | ――――――――――――――――――――――――            )
                                          FILED:     February 11, 2019
21 |                                       TRIAL:     Not Set

22 |

23 |        Plaintiff TAMARIA PICKENS ("Plaintiff") hereby submits her Proposed

24 | Statement of Decision regarding Defendants' Motion to Dismiss Complaint in

25 | accordance with Standing Order 5(f) (ECF Doc 14).

26 | / / /

27 | / / /

28 |

## STATEMENT OF RELEVANT FACTS

1.    On or about May 2017, Pickens was arrested and booked into jail on charges under *Penal Code* Section 280(a) and 280 (7)(b).

2.    The arrest was initiated by Sergeant Baeza of the County of Riverside Sheriff's Department/Police Department ("Sergeant Baeza") and Breanna Patton ("Patton").

3.    Shortly thereafter, Pickens was released from jail pursuant to *Penal Code* Section 825pc based on the fact that the District Attorney felt that further investigation was needed.

4.    On or about September 2017, Pickens was rearrested and a complaint was filed alleging a violation of *Penal Code* Section 288.7(b) and two violations of *Penal Code* Section 288(a).

5.    The Complaint was filed in September 2017 without probable cause and was instigated by the actions of Sergeant Baeza and Patton lied continuously during the investigation about what Pickens had done to her child.

6.    Without any serious investigation as to Patton's motives, prior background and history and without any physical proof of a crime, Sergeant Baeza and others initiated the arrest of Pickens.

7.    After being arrested, Pickens was held on a $1 million dollar bail even though she was a mother of three children and there was no credible or physical

evidence that Pickens had done any of the actions that were alleged to have happened.

8.    Instead of doing the proper investigation, Pickens was left to languish in jail, could not post bail, suffered several nervous breakdowns, and severe physical and emotional distress.

9.    In August of 2018, the Oceanside Police Department did an investigation dealing with similar allegations that were made by Patton against Pickens involving the same alleged victim.

10.    Patton was then making allegations against the victim's father and others.

11.    In the course of doing that investigation, the alleged victim of Pickens' actions and others were interviewed and a thorough investigation was done.

12.    The result of the investigation was a finding by the Oceanside Police Department that all charges against Pickens and others for sexual abuse were fabricated by Patton.

13.    No crime had occurred against the victim in the Pickens case in Riverside.

14.    This information was transferred by the Oceanside Police Department to Will Smith, attorney for the Defendant County of Riverside.

/ / /

PROPOSED) STATEMENT OF DECISION LODGED BY PLAINTIFF TAMARIA PICKENS
REGARDING DEFENDANTS' MOTION TO DISMISS COMPLAINT

15. On or about September of 2018, all criminal charges against Pickens were dismissed.

16. Pickens constitutional rights including due process rights, rights to be free from unreasonable search and seizure, and civil rights were deliberately violated.

17. As a direct and proximate result of the foregoing, Pickens was damaged.

18. The second and third causes of action allege that Defendants and each of them intentionally, negligently, and with a malicious motive engaged in the conduct described herein.

19. It was directed and calculated to cause and did cause Pickens to suffer severe humiliation, mental anxiety, and severe physical and emotional distress.

20. As a direct and proximate result of the aforementioned acts of Defendants, Pickens suffered severe emotional distress, including anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame all to Pickens' damages in the sum of $25,000,000.

21. This emotional distress was beyond what a reasonable person in a civilized society should be expected to bear.

/ / /

/ / /

PROPOSED) STATEMENT OF DECISION LODGED BY PLAINTIFF TAMARIA PICKENS REGARDING DEFENDANTS' MOTION TO DISMISS COMPLAINT

# CONCLUSIONS OF LAW

22.    A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (citing *Buckley v. Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992))

23.    "The federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)).

24.    "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (citing *Conley*, 355 U.S. at 47; 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1202 (2d ed. 1990))

25.    When analyzing a complaint for failure to state a claim, "all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217(9th Cir. 1996); see *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977)

26.    In addition, the district court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994), cert. denied, 515 U.S. 1173, 132 L. Ed. 2d 878, 115 S. Ct. 2640 (1995) (citations omitted)

27.    In order to state a claim under Section 42 U.S.C. § 1983 claim against the County and Sergeant Baeza, Plaintiff must allege each of the following elements.

1.    The Defendant acted under color of state law; and

2.    The acts of the Defendant deprived the Plaintiff of her particular rights under the laws of the United States or the United States Constitution.

28.    A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988))

29.    In order to be individually liable under Section 1983, an individual must personally participate in an alleged rights deprivation. *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir.2010)

30.    "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that the plaintiff had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (alteration in original) (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012))

31.    The County of Riverside is not liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) . . . "[A] municipality cannot be held liable under Section 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691.

/ / /

-6-

32.    However, such liability may attach against the County when an employee committed a constitutional violation pursuant to an expressly adopted official policy. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013)

33.    Such liability may also attach when an employee committed a constitutional violation pursuant to a widespread practice or custom. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)

34.    Another basis for liability against the County is ratification.

35.    The Ninth Circuit states that ratification liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *Praprotnik*, 485 U.S. at 127)

36.    In this case, the allegations of the complaint establish that there was no probable cause to hold Plaintiff in jail for a year.

37.    A claim for unlawful arrest is cognizable under Section 1983 as a violation of the Fourth Amendment, because the arrest was without probable cause or other justification. *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted)

38.    The County can be held liable on an official policy, widespread practice, or ratification theory.

39.    When "defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is not appropriate unless we can determine, based on

-7-

PROPOSED) STATEMENT OF DECISION LODGED BY PLAINTIFF TAMARIA PICKENS
REGARDING DEFENDANTS' MOTION TO DISMISS COMPLAINT

1   the complaint itself that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d

2   920, 936 (9th Cir. 2016)

3

4       40.   In reviewing a Rule 12(b)(6) motion in the context of qualified

5   immunity, a district court should not dismiss a complaint "for failure to state a claim

6   unless it appears beyond doubt that the plaintiff can prove no set of facts in support

7   of his claim which would entitle him to relief." *Currier v. Doran*, 242 F.3d 905,

8   917 (10th Cir. 2001) (internal quotations omitted).

9

10      41.   In resolving cases in which the defendants claim qualified immunity,

11  the court must first consider whether the plaintiff has alleged a deprivation of an

12  actual constitutional right. See *Saucier v. Katz*, 533 U.S. 194, 201, 150 L. Ed. 2d

13  272, 121 S. Ct. 2151 (2001)  If the court finds a violation, the court must next

14  determine whether "that right was clearly established at the time of the alleged

15  violation." *Id.* A right is "clearly established" if Supreme Court case law exists on

16  point or if the "clearly established weight of authority from other circuits" found a

17  constitutional violation from similar actions. *Murrell v. School Dist. No. 1*, 186

18  F.3d 1238, 1251 (10th Cir. 1999)

19

20      42.   A defendant is entitled to qualified immunity if his or her conduct "does

21  not violate clearly established statutory or constitutional rights of which a reasonable

22  person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct.

23  2727, 73 L. Ed. 2d 396 (1982)

24

25      43.   The qualified immunity analysis involves two inquiries: whether the

26  facts show that the officer's conduct violated a constitutional right and whether the

27  right at issue was clearly established at the time. *Saucier v. Katz*, 533 U.S. 194,

28  201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)

-8-

44.    In this case, Sergeant Baeza argues that he is entitled to qualified
immunity.

45.    It is improper to rule on a qualified immunity defense in a Rule 12(b)(6)
motion because the right of Plaintiff to be free from a false arrest and imprisonment
is a deprivation of an actual constitutional right that is clearly established.

46.    The elements of a cause of action for intentional infliction of emotional
distress are: Outrageous conduct by the defendant; The defendant's intention of
causing, or reckless disregard of the probability of causing emotional distress; The
plaintiff's suffering severe extreme emotional distress; and Actual and proximate
causation of the emotional distress by the defendant's outrageous conduct. *Fletcher
v. Western National Life Insurance Co.*, 10 Cal.App.3d 376 (1970); *Molien v.
Kaiser Foundation Hospitals*, 27 Cal.3d 916 (1980)

47.    Outrageous conduct has been defined as conduct that has gone beyond
all reasonable bounds of decency. *Bundren v. Superior Court*, 145 Cal.App.3d 784,
789-790 (1983); *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal.App.3d 376 (1970)

48.    The relationship of the parties is highly significant in determining
whether the conduct is outrageous.

49.    A defendant's conduct is more likely to be found outrageous if he or
she has a position or a relationship with the plaintiff that would cause his or her
conduct to have a particularly severe impact on the plaintiff. *Alcorn v. Ambro Eng.,
Inc.*, 2 Cal.3d 493, 498 n.2 (1970); *Toney v. State of California*, 54 Cal.App.3d
779, 789 (1975); *Lagies v. Copley*, 110 Cal.App.3d 958, 963-64 (1980)

PROPOSED) STATEMENT OF DECISION LODGED BY PLAINTIFF TAMARIA PICKENS
REGARDING DEFENDANTS' MOTION TO DISMISS COMPLAINT

50.    In *Christensen v. Superior Court*, 54 Cal.3d 868 (1991), the court held that a cause of action for intentional infliction of emotional distress will lie where the complaint alleges that the conduct of the defendants was directed primarily at plaintiffs, or was calculated as to cause them severe emotional distress, or was done with knowledge of their presence and of a substantial certainty that plaintiffs would suffer emotional distress.

51.    In this case, all of the elements of a claim for intentional and negligent emotional distress have been alleged.

52.    The fourth cause of action alleges that the arrest of Plaintiff was without probable cause, was done without a reasonable failure to investigate, there was no credible evidence whatsoever and this is particularly emphasized by the actions of the Oceanside Police Department who investigated the alleged victims and the complaining person in Pickens' case and found that there was no sexual abuse and the complaining person was a liar who made the same unsubstantiated charges against others that she made against Pickens.

53.    Meanwhile, Pickens served over a year in jail, could not post the $1 million dollar bail and suffered severe mental and physical distress.

54.    Under California law, False arrest' and 'false imprisonment' are not separate torts.

55.    False arrest is but one way of committing a false imprisonment, and they are distinguishable only in terminology." *Collins v. City and County of San Francisco*, 50 Cal.App.3d 671, 673 (1975)

PROPOSED) STATEMENT OF DECISION LODGED BY PLAINTIFF TAMARIA PICKENS
REGARDING DEFENDANTS' MOTION TO DISMISS COMPLAINT

56.    A person is liable for false imprisonment if he or she " 'authorizes, encourages, directs, or assists an officer to do an unlawful act, or procures an unlawful arrest, without process, or participates in the unlawful arrest . . . .' " (*Du Lac v. Perma Trans Products, Inc.*, 103 Cal.App.3d 937, 941 (1980), internal citation omitted)

57.    Where a defendant "knowingly [gives] the police false or materially incomplete information, of a character that could be expected to stimulate an arrest" . . . "such conduct can be a basis for imposing liability for false imprisonment." (*Id.* at p. 942.)

58.    "It has long been the law that a cause of action for false imprisonment is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages; upon proof of those facts the burden is on the defendant to prove justification for the arrest." *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 592 (1979)

59.    In this case, all of the elements of false arrest have been alleged.

60.    As a practical matter, leave to amend is almost always granted by the Court.

61.    FRCP 15(a) expressly states that leave to amend shall be freely given when justice so requires. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)

62.    Where a more carefully drafted complaint might state a claim, a plaintiff should be given at least one more chance to amend the complaint before the

-11-

1  district court dismisses the action with prejudice. *Bank v. Pit*, 928 F.2d 1108 (11th

2  Cir. 1991)

3

4                                          **RULING**

5

6         The Motion to Dismiss Plaintiff's Complaint is DENIED, or alternatively

7  Plaintiff is GRANTED _____ days to file a First Amended Complaint.

8

9         IT IS SO ORDERED.

10

11 DATED: _____

12                                          _____
                                            HONORABLE JOHN F. WALTER
13                                          UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED) STATEMENT OF DECISION LODGED BY PLAINTIFF TAMARIA PICKENS
REGARDING DEFENDANTS' MOTION TO DISMISS COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

A copy of the foregoing **PROPOSED) STATEMENT OF DECISION
LODGED BY PLAINTIFF TAMARIA PICKENS REGARDING
DEFENDANTS' MOTION TO DISMISS COMPLAINT** has been filed this 24th
day of April 2019, through the Court's electronic filing system.  All parties may
access the foregoing via the Court's electronic filing system.


　　　　　　　　　　　　　　　 /s/  Paul M. Mahoney
　　　　　　　　　　　　　　　　PAUL M. MAHONEY